**CASE NO. 05-15-00956-CV**

IN THE COURT OF APPEALS
FIFTH DISTRICT OF TEXAS

SUSAN ANN FISHER, APPELLANT
V.
MEDICAL CENTER OF PLANO, ALIREZA ZAFARMAND ATEF, M.D., SALMAN WAHED, M.D.,
CYNTHIA CARTER, RN, ANNE W. HANDLEY, RN, AND RAY J. DELGADILLO, RT, AD
MICHAEL ALLEN, R.T., APPELLEES

ON APPEAL FROM THE 296TH JUDICIAL DISTRICT COURT
COLLIN COUNTY, TEXAS
TRIAL COURT CAUSE NO. 296-01024-2014

**REQUEST FOR TRIAL BY JURY OF MY PEERS**
**AND SEPARATE JUDGMENT FOR MICHAEL ALLEN**
**AND SUPPLEMENTAL OBJECTIONS TO DISMISSALS**
December 9, 2015

In appealing this case, the defendants have motioned for dismissals. In the case of Michael Allen, a notice by publication has been served and I request the courts' discretion to sever or separately grant a default judgment for this defendant.

The clerks' records are erroneously listing an attorney for Michael Allen, Defendant and the clerks are currently trying to correct this as requested in a Motion To Correct The Clerks' Records.

I appeal for a trial by jury of my peers to prosecute this case and to try these seven defendants together. However, for the sake of justice, I request that this case not be allowed to dismiss all parties because the defendant Michael Allen has been served a notice by publication, whereas the other defendants have been represented by attoroneys.

I ask the discretiion of the court in allowing whatever actions may be necessary in granting a default judgment on Mr. Allen and in hearing the complaints against all defendants because the case is not pending in the 296th district. The appeals were not allowed in locutory appeals because of pendings in the 296th district previously and I

1

request time to prepare the brief when the records are obtained.

Justice demands these consessions and I appreciate your early assistance in this cause.O'CONNORS' TEXAS RULES 2014. Pg. 142 - Sec. 4.2. REVIEW. Appeal. If reersal is warranted, appellate court can render the judgment the trial court should have rendered, unless a remand for further proceedings is necessary. FDIC 828 S.W. 2d at 772.

Pg. 143 - Secs. 2.7 & 2.8. CONSOLIDATION AND JOINT TRIAL. (Resolution by separate judgments in same trial.)

PAGE 141 - JURY TRIAL. THE PARTIES ARE ENTITLED TO A JURY TRIAL, AS IN OTHER CIVIL CASES. CPRC sec. 37.007.

Page 141 - Sec. 3.1 - Court of appeals has jurisdiction to hear an action for declaratory relief.

Page 141 - Sec. 2.1 - A declaratory judgment is appropriate only when there is justiciable controversy about the rights and status of the parties, and the declaration would resolve the controversy. (2) Construction or validity of statute, ordinance, contract or franchise. (3) next of kin, beneficiary, heir.

(I have the right to act in this lawsuit as child of the deceased and beneficiary).

(The court of appeals has the authority to make a declaratory judgment on the defendant that was served by notice of publication and give a default judgment. They also have the jurisdiction and the authority to reverse the lower courts' decisions and to grant a lawful trial by jury of my peers as I have demanded and paid for, as law requires).

Appellant thanks the court for their help in trying this appeal and asks for all legal remedies for the sake of justice in this cause. Appeallant requests no dismissals be allowed and that the case would be heard and granted an immediate relief in the granting of a jury trial and default judgment on Michael Allen. (See Motion To Correct Clerks' Records filed December 7 and 8, 2015).

TRAP 34.5(d) (h) Defects or Inaccuracies. If the clerks' record is defective or inaccurate, the appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the lerk to make the correction.

Page 141 - Secs. 3.7, 3.8, and 3.8(1) Attorney fees, etc are discretionary and must be reasonable, necessary, equitable, and just.

Without a trial by jury of my peers there's nothing at all just about this entire process of

2

litigation. I have faced nothing but unwarranted actions in the courts that should be granting each citizen a legal trial by jury as our constitutional liberties entitle us. I demand such a trial by jury of my peers and I request that the court of appeals annul the judgments of the lower court to dismiss as sanctions that were unwarranted and excessive and for the sole purpose of closing down this case. I object to these tactics and demand fairness in this legal process to avenge the blood of my dad who was administered lethal medicine in a local American hospital. I request a declaratory judgment that would reverse the sanction of $5000.00 to the nurse who gave this breathing depressant to our dad, without telling us of the properties of this medicine or that it was a breathing depressant that was lethal to patients with impaired breathing who were taken off the breathing tube and had no resusitation.

Ecclesiastes 12: 13 "All has been heard: the end of the matter is: Fear God and keep His ommandments, for this is the whole of man, the whole (duty) of every man."   " You Shall Not Commit Murder" - Exodus 20:13   Proverbs 31: 8,9 - "Open your mouth for the dumb, for the rights of all those who are left desolate and defenseless. Open your mouth, judge righteously, and administer justice for the poor and needy."

Respectfully submitted,

Susan Ann Fisher
P. O. Box 460461
Garland, TX  75046
susanfisher972@yahoo.com
214-730-2578


SAF

cc: Burford & Ryburn, LLP
    Wilson, Elser, Moskowitz, Edelman, & Dicker, LLP
    296th Clerks's Office
    Krueger, Bell & Bailey, LLP

3

# CERTIFICATE OF SERVICE

I certify that on December 9, 2015, I served a copy of Request For Trial By Jury Of My Peers And Separate Judgment For Michael Allen And Supplemental Objections To Dismissals to the entities below:


Burford and Ryburn, LLP
500 N. Akard, Suite 3100
Dallas, TX  75201
Robert Begert, Attorney for
Alireza Z. Atef and Salman Waheed

Wilson, Elser, Moskowitz, Edelmand & Dicker LLP
901 Main Street, Suite 4800
Dallas, TX  75202
Brenda Damuth, Attorney for
Medical Center of Plano
Cynthia Carter, Anne W. Handley,
Ray J. Delgadillo

Susan Ann Fisher
Pro Se Plaintiff

1